# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 1, 2013

No. 12-31254
Summary Calendar

Lyle W. Cayce
Clerk

KATHERINE CONNER,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:02-CV-284

Before KING, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Katherine Conner brought suit against her employer for discrimination and retaliation in violation of the Americans with Disabilities Act. Summary judgment was granted to the defendant. We AFFIRM.

Conner began working for the Louisiana Department of Health and Hospitals ("the Department") in May 1977. In July 1999, Conner suffered an injury as the result of a slip and fall in a parking lot. At the time, she held the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31254

position of a recreation specialist. Conner took a medical leave of absence and returned to work in November of that year. In March 2000, she slipped while exiting a vehicle and suffered a second injury. The Department authorized Conner to remain absent on leave without pay through July 16, 2000. Conner later returned to work, having received a physician's release to resume employment with "light duty" responsibilities on July 17.

On July 24, Conner met with personnel from human resources and a manager to discuss these responsibilities; Conner states the Department "sent her home with a sample duty list . . . to give to her doctor for approval." A month later, Conner submitted a complaint to the Equal Employment Opportunity Commission, alleging the Department discriminated against her because of a disability. On August 30, the Department mailed Conner a letter and directed her to return to work no later than September 7. Conner did so but apparently left again before September 13. The Department delivered a second letter, directing her to return to work immediately. The letters referenced two different treating physicians' releases for Conner to return to work without restrictions. Conner complied with the second directive and returned to work, but on September 21, she fell and suffered a third injury. She again was absent from work following the injury.

On October 3, 2000, the Department mailed Conner a letter, stating:

> We propose to remove you from your position as Therapeutic Recreation Service Specialist . . . . The reason for this proposed action is that you are unable to perform the essential functions of your position according to recent medical certification, and you have exhausted all sick and annual leave and have been on leave without pay since 09/22/2000. Additionally, you exhausted all Family and Medical Leave Act (FMLA) leave as of 06/28/2000. The duties of

2

your position must be carried out on a full-time basis without further interruption.

Conner responded on October 10. She wrote that she was unable to perform her full duties at that time, which she claimed was also the opinion of her primary care physician. On October 17, after reiterating its reasoning and acknowledging Conner's own admission, the Department removed Conner from her position because of the absenteeism.

On March 19, 2002, Conner pursued claims in part for disability discrimination and retaliation in the United States District Court for the Middle District of Louisiana. The court granted summary judgment in favor of the Department on these two claims, and Conner appealed.

## DISCUSSION

We review the grant of summary judgment *de novo*. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Conner filed her civil action against the Department in 2002. Significant amendments to the Americans with Disabilities Act were adopted in 2008. *Kemp*, 610 F.3d at 236. Because the 2008 amendments are not applied retroactively, the pre-amendment statute controls. *Id.*

With regard to her disability-discrimination claim, Conner contended that she was within a protected class of the Americans with Disabilities Act because she was "regarded as" having a physical impairment by the Department. The Department argued in its motion for summary judgment that no evidence supported such a finding. In response, Conner pointed to the letters in which

No. 12-31254

the Department referenced her inability "to perform the essential functions of [her] position according to recent medical certification."

The district court rejected Conner's argument because the letters referred only to one position that the Department allegedly believed Conner could not perform because of her impairment. Applying pre-2009 law, the court correctly explained that Conner's theory of recovery would require her to show the Department regarded her as having "a physical or mental impairment that substantially limits one or more of the major life activities . . . ." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999), *superseded by statute*, ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. In terms of the major life activity of working, the statute referred to an inability "to work in a broad class of jobs." *Id.* at 491. Because Conner failed to present or identify evidence to support her rationale for recovery, we agree that summary judgment in favor of the Department was appropriate.[1] *Kemp*, 610 F.3d at 237.

The district court also granted summary judgment on Conner's claim of retaliation. Conner contended the Department retaliated against her by removing her from her position within two months of her disability-discrimination filing with the Equal Employment Opportunity Commission.

A *prima facie* showing of unlawful retaliation requires Conner to establish that she engaged in a protected activity, the Department took an adverse employment action against her, and a causal connection exists between the

---

[1] On appeal, Conner does not dispute that she alleged only that the Department regarded her as substantially limited in the major life activity of working, as opposed to some other major life activity. Accordingly, by failing to present and brief arguments that she was regarded as having some other limitation, Conner has waived the argument on appeal. *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 n.9 (5th Cir. 2004); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

activity and action. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). Once established, the Department must then provide a legitimate, nondiscriminatory reason for taking the adverse action. *Id.* If provided, Conner "must adduce sufficient evidence that the proffered reason is a pretext for retaliation." *Id.* To prevail on her claim, Conner "must show that 'but for' the protected activity, the adverse employment action would not have occurred." *Id.*

The district court determined Conner established a *prima facie* case of retaliation; then the court accepted the Department's reason of absenteeism as legitimate and nondiscriminatory. The court granted summary judgment because Conner failed to offer evidence that such reason was pretext for discrimination.

We will assume that Conner made out a *prima facie* case, and we agree that the Department's reason was legitimate and nondiscriminatory. On appeal, Conner does not dispute that the evidence shows she was removed from her position because of her absenteeism. She points to no additional evidence that shows this reason was pretext. Accordingly, summary judgment was properly entered in favor of the Department. *See id.* at 301-02.

Motion to strike pages from Conner's record excerpts that consist of documents not in the record is GRANTED. Judgment AFFIRMED.